# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JEREMY KENNEDY                                             PLAINTIFF
ADC #093061

v.                          No. 4:24-cv-219-DPM

WHITE COUNTY, ARKANSAS;
PHILLIP MILLER;  CLAYTON
EDWARDS;  PAUL MCINTOSH;
JOSEPH GOSSETT;  CHAD HALE;
JOHN DOE, Health Services Administrator;
KENNETH BOOTH, Detective, White
County Sheriff's Office;  MATTHEW
RAINWATER, Jailer, White County
Detention Center;  BROWN, Officer,
Bald Knob Police Department;  JAMES
WYATT, Criminal Defense Attorney,
Public Defender;  LESLIE KING, Medical
Director, White County Detention Center;
DOES, WCDC Nurses;  and NURSE CAMERON          DEFENDANTS

## ORDER

Kennedy was arrested for several theft-related crimes in the summer of 2022.  He was in custody for about a month before bonding out.  He was under a suspended sentence, which was eventually revoked.  He also pleaded guilty to new charges.  He has sued many folks involved in his arrest and detention, making many federal and state claims.

The Court must screen his case.  28 U.S.C. § 1915A(a).  The press of other business, and Kennedy's several amendments to his complaint, have delayed that screening.  Two preliminary matters.  Kennedy's recent (and respectful) request for screening, *Doc. 35*, is granted.  So is his motion, *Doc. 34*, to correct a scrivener's error by substituting page seventeen of his second amended complaint.  As corrected, this pleading—*Doc. 31*—is comprehensive.  The Court will therefore screen it as the live complaint.

Kennedy has abandoned his claims against Paul McIntosh and John Doe, the Health Services Administrator.  The Court directs the Clerk of Court to remove those named defendants from the docket.  Kennedy has sued White County Sheriff Phillip Miller and White County Sheriff's Department Captain Clayton Edwards in their official and individual capacities.  He has sued all other defendants solely in their individual capacities.  *Doc. 31 at 2–3*.

\*

In July 2022, Kennedy cut a hole in Wallace Electric's chain-link fence and tried to steal a catalytic converter from one of its work vans.  *Doc. 31 at 64*.  In August 2022, he stole Chadd Avey's truck and tried to use Avey's credit card to send himself money on Cash App.  Avey declined the cash transfer to "Jeremy Kenned" and, the following day, confronted Kennedy at his home.  Police officers eventually arrived and took Kennedy into custody.  He sat handcuffed in the back of Judsonia

Assistant Police Chief Joseph Gossett's squad car while officers searched the home's curtilage. Kennedy claims that he was subjected to excessive force because he was left in a hot car for almost two hours, struggling to breathe, and eventually passing out due to the extreme heat.

For the Wallace Electric crimes, Kennedy was charged with breaking or entering and criminal mischief. *State v. Kennedy*, 73CR-22-627 (White County) (Docket Sheet). And for the Avey crimes, Kennedy was charged with fraudulent use of a debit or credit card and theft of property. *State v. Kennedy*, 73CR-22-660 (White County) (Docket Sheet). Because Kennedy was on a suspended sentence at the time of his arrests, his parole officer, Chad Hale, was notified. Hale placed a parole hold on Kennedy. Kennedy claims that he suffered various due process violations arising from Hale's hold, as well as from the timing and nature of his first appearances. *Doc. 31 at 24–25*. Kennedy also suggests that, because he was unsuccessful in using Avey's stolen credit card, Assistant Chief Gossett had no probable cause to arrest him for that crime.

When he took Kennedy into custody, Assistant Chief Gossett seized Kennedy's two cell phones and prescription medicine. Kennedy explains that he takes the seized medication every day to control a chronic liver disease. Kennedy says no medicines were offered to him at pill call at the White County Detention Center. Kennedy explained

to an unidentified nurse that Assistant Chief Gossett had his medicine. The nurse told Kennedy that she would look into the matter. He repeatedly asked for his medicine. But, the nurse told him a week later that her supervisor, Medical Director Leslie King, had told her that "we don't treat liver disease." *Doc. 31 at 9.* Kennedy filed a grievance about this with the White County Jail Administrator Clayton Edwards, but no action was taken. Kennedy also says that Nurse Cameron negligently transcribed his birth date on a UAMS release form, resulting in UAMS being unable to verify the prescription's validity. *Doc. 31 at 12.* After thirty-three days without medicine, Kennedy was released on bond. His $900 prescription was not returned to him. *Doc. 31 at 13.*

After a bench trial, the circuit court revoked Kennedy's suspended sentence and sentenced him to ninety-six months' imprisonment in the ADC. *State v. Kennedy*, 34CR-18-195 (Jackson County) (Sentencing Order). Then, in May 2023 as part of a plea agreement, Kennedy was convicted on each of the new charges and sentenced to forty-eight months' imprisonment to run concurrently with his other prison sentence. *State v. Kennedy*, 73CR-22-627 (White County) (Sentencing Order); *State v. Kennedy*, 73CR-22-660 (White County) (Sentencing Order).

\*

Some of Kennedy's claims go forward. Others do not.

- Many of Kennedy's claims for damages are *Heck*-barred. Any ruling in his favor would necessarily call into question both his state-court convictions and his revocation. He hasn't alleged that his convictions have been reversed, expunged, or invalidated. He hasn't alleged that his revocation has been set aside in some way, either. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Kennedy's challenges to the validity of his arrest and detention are foreclosed by his guilty pleas. *Williams v. Schario*, 93 F.3d 527, 528–29 (8th Cir. 1996).

- Kennedy's individual capacity claim that Assistant Chief Gossett maliciously charged him with theft, despite knowing that Kennedy had been unsuccessful in using Avey's credit card, survives screening. *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996).

- Kennedy's due process and denied-counsel allegations against Chad Hale, Captain Edwards, and White County are factually and legally unrelated to his allegations of excessive force and deliberate indifference claims about medical care against the other defendants. These claims and these defendants are dismissed without prejudice as improperly joined. Fed. R. Civ. P. 21.

- Kennedy's ineffective assistance claims against his public defender James Wyatt fail. He wasn't acting under color of state law when representing Kennedy in the criminal proceedings. *Polk County v. Dodson*, 454 U.S. 321, 325 (1981).

- Kennedy has sufficiently pleaded an individual capacity excessive force claim against Assistant Chief Gossett based on his allegation that he was kept in a hot squad car without

sufficient air.  *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

- Some of Kennedy's deliberate indifference claims based on his liver medication survive screening.  His individual capacity claims against Jailer Rainwater, Nurse Cameron, Medical Director King, Jail Administrator Edwards, and WCDC Doe Nurses go forward because Kennedy pleads that he made these individuals aware of his need for the daily medication.  Kennedy's individual capacity claims against Sheriff Miller fail as a matter of law.  The Sheriff can't be held vicariously liable for the actions of his employees. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  But because Kennedy alleges that his official capacity claims arose from an official policy not to treat liver disease, those claims against Sheriff Miller and Jail Administrator Edwards survive screening.  *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019).  His claim against White County about this policy, though duplicative, can proceed, too.

- Finally, because some of Kennedy's federal claims go forward, the Court will exercise supplemental jurisdiction over Kennedy's state law claims related to excessive force and deliberate indifference. 28 U.S.C. § 1367(c)(3).

\*

Defendants McIntosh, John Doe Health Services Administrator, Hale, Brown, Booth, and Wyatt are dismissed from this suit.  Kennedy's claims against White County, Miller, Edwards, Gossett, Rainwater, King, Cameron, and WCDC Doe Nurses will proceed as specified.  To

-6-

keep Kennedy's many claims, the many parties, and the Court's rulings straight, the Court has created the attached Appendix.

Only Nurse Cameron and the Doe Nurses have not been served. The Court directs White County's attorney of record to provide the Court (under seal) a valid service address for Nurse Cameron as well as the names and address of nurses on duty during Kennedy's detention. After those valid service addresses are received, the Clerk must issue summonses for Nurse Cameron and the identified Doe Nurses and deliver them, along with a copy of the second amended complaint (with substituted page seventeen) and this Order, to the United States Marshal for service. The Marshal must serve these papers on Nurse Cameron and the WCDC Doe Nurses by restricted delivery, return receipt requested. Kennedy does not have to prepay the fees and costs or security.

Because this case has been pending for seven months, and service on Nurse Cameron and the other Doe Nurses should occur promptly, a Final Scheduling Order will issue now.

So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_24 October 2024_

**APPENDIX**

| Party | Claim | Disposition |
|---|---|---|
| White County | § 1983 Deliberate Indifference, Municipal Liability | Proceeds |
| | Negligence, Municipal Liability | Proceeds |
| | Due Process | Dismissed without prejudice, improperly joined |
| Phillip Miller, Sheriff | §1983, Illegal Detention, Official and Individual Capacities | Dismissed with prejudice (*Heck*) |
| | § 1983 Deliberate Indifference, Official Capacity | Proceeds |
| | § 1983 Deliberate Indifference, Individual Capacity | Dismissed with prejudice |
| | Negligence, Official Capacity | Proceeds |
| | Negligence, Individual Capacity | Dismissed with prejudice |
| Clayton Edwards, Captain | §1983, Due Process, Official and Individual Capacities | Dismissed without prejudice, improperly joined |
| | § 1983, Illegal Detention, Official and Individual Capacities | Dismissed with prejudice (*Heck*) |

| | § 1983 Deliberate Indifference, Official and Individual Capacities | Proceeds |
|---|---|---|
| | State Torts, Official and Individual Capacities | Proceeds |
| Joseph Gossett, Asst. Chief | §1983, Illegal Arrest | Dismissed with prejudice (*Heck*) |
| | §1983, Illegal Detention | Dismissed with prejudice (*Heck*) |
| | Due Process | Dismissed with prejudice (*Heck*) |
| | § 1983, Malicious Prosecution | Proceeds |
| | §1983, Excessive Force | Proceeds |
| | Negligence | Proceeds |
| | Conversion | Proceeds |
| Brown, Officer | § 1983, Illegal Arrest | Dismissed with prejudice (*Heck*) |
| Chad Hale, Probation Officer | §1983, Due Process | Dismissed without prejudice, improperly joined |
| | § 1983, Illegal Detention | Dismissed without prejudice, improperly joined |
| | State Torts | Dismissed without prejudice, improperly joined |
| Matthew Rainwater, Jailer | § 1983 Deliberate Indifference | Proceeds |
| | Negligence | Proceeds |
| | Conversion | Proceeds |

| Kenneth Booth, Detective | § 1983, Malicious Prosecution | Dismissed with prejudice (*Heck*) |
|---|---|---|
| | § 1983, Illegal Arrest | Dismissed with prejudice (*Heck*) |
| James Wyatt, Attorney | §1983, Ineffective Assistance | Dismissed with prejudice |
| Leslie King, Medical Director | § 1983 Deliberate Indifference | Proceeds |
| | Negligence | Proceeds |
| Cameron, Nurse | § 1983 Deliberate Indifference | Proceeds |
| | Negligence | Proceeds |
| DOES, WCDC Nurses | § 1983 Deliberate Indifference | Proceeds |
| | Negligence | Proceeds |

-A3-