IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY KENNEDY                                                    PLAINTIFF
ADC #093061
v.                        No. 4:24-cv-219-DPM

WHITE COUNTY, ARKANSAS;
PHILLIP MILLER; CLAYTON
EDWARDS; JOSEPH GOSSETT;
MATTHEW RAINWATER, Jailer,
White County Detention Center;
LESLIE KING, Medical Director,
White County Detention Center;
DOES, WCDC Nurses; and
NURSE CAMERON                                                   DEFENDANTS

ORDER

The Court screened Kennedy's second amended complaint in late October, dismissing some claims while allowing others to proceed. *Doc. 36*. Since then, Kennedy has filed many motions. He has filed several motions to reconsider. He has filed a request for a Clerk's default against Assistant Chief Gossett and another request against Nurses Tabbitha Burton, Tammy Glenn, Chassity Hall, Barbara Stacks, and Cameron Hughes. He has also filed motions for default judgments against those defendants. Kennedy has filed two motions to compel discovery, a motion for copies, and a motion for a ruling on all his pending motions. And, most recently, he filed a motion for leave to file

a third amended complaint. His proposed third amended complaint is seventy-seven pages long, including attachments. The Court regrets its delay in tending to all this. It also requests that Kennedy be patient.

The Court rules as follows.

- The motion for rulings, *Doc. 62*, is granted.

- The motion for copies, *Doc. 61*, is granted as modified. The Court directs the Clerk to send Kennedy a docket sheet and a complete copy of *Doc. 31*.

- The motion for leave to file a third amended complaint, *Doc. 74*, is granted. The proposed third amended complaint, *Doc. 74-2*, is deemed filed.

- The Court must screen the third amended complaint. It intends to do so promptly in a separate Order. Responses to the third amended complaint will be due within fourteen days after service of the forthcoming screening Order. Fed. R. Civ. P. 15(a)(3).

- The deadlines in the Amended Final Scheduling Order, *Doc. 42*, are suspended. The Court will enter a Second Amended Final Scheduling Order in due course.

- The motions for reconsideration, *Doc. 38, 40, & 55*, are denied without prejudice as moot. The Court will consider Kennedy's arguments for reconsideration while screening the third amended complaint.

- The motions for entry of default, *Doc. 56 & 58*, and motions for default judgment, *Doc. 39 & 60*, are denied. Any default is rendered moot by Kennedy's decision to file a third

amended complaint. *E.g., CMS Wireless, LLC v. Fidelity & Deposit Co. of Maryland*, 2011 WL 13234132, at *1 (E.D. Ark. 9 December 2011). His new complaint supersedes what came before, effectively remaking his lawsuit. *Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, slip op. at 11-12 (U.S. 15 January 2025).

- In any event, there is good cause to set aside any entry of default. Fed. R. Civ. P. 55(c). In his first motion to reconsider, Kennedy said that he intended to seek leave to file another amended complaint. *Doc. 38 at 8*. He has filed many voluminous papers since. The addresses/waiver of service circumstances have created some murkiness. While Assistant Chief Gossett and the nurses might have been negligent in failing to answer the claims against them, there is nothing in the record to indicate that they did so intentionally or for some strategic benefit. *Union Pacific Railroad Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001). They are (in some ways) similarly situated to other defendants in this case, and granting Kennedy's requested relief creates the possibility of inconsistent judgments. *Angelo Iafrate Construction, LLC v. Postashnick Construction, Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). This Court's preference is to rule on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). And Kennedy will not be prejudiced by delayed answers. He just filed a new, operative complaint.

- The motions to compel, *Doc. 63 & 68,* are denied. LOCAL RULE 7.2(g). The Court directs the Clerk to send Kennedy a copy of LOCAL RULE 7.2.

- To get this case on track, the Court must focus its efforts on screening the third amended complaint. The Court

therefore stays the case. And the Court directs the Clerk not to accept any further filings from any party until the screening Order is entered.

- One final matter: docket cleanup. The following are named as defendants in the third amended complaint.

    o   White County, Arkansas
    o   Clayton Edwards
    o   Joseph Gossett
    o   Bald Knob Police Officer Brown;
    o   Matthew Rainwater
    o   White County Detention Center Medical Director*
    o   Cameron Hughes, LPN
    o   Tabbitha Burton**
    o   Tammy Glenn
    o   Chassity Hall
    o   Barbara Stacks
    o   White County Detention Center Nurse I

    The Court directs the Clerk to update the docket with the active defendants and to terminate any defendants who were not named in the third amended complaint.

---

\* Not to be confused with Leslie King, who was named in the amended complaint. Kennedy says that he has learned that King was not the Medical Director when his claims arose. *Doc. 74 at 1.* King is no longer a defendant in this case and should remain terminated on the docket.

\*\* Kennedy names five John Doe nurses in his third amended complaint. Four were previously identified as Burton, Glenn, Hall, and Stacks. *Doc. 44 at 1.*

-5-

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2025