IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY KENNEDY                                             PLAINTIFF
ADC #093061
v.                    No. 4:24-cv-219-DPM

WHITE COUNTY, ARKANSAS;
CLAYTON EDWARDS; JOSEPH
GOSSETT; BROWN, Bald Knob
Police Officer; MATTHEW
RAINWATER, Jailer, White
County Detention Center; WHITE
COUNTY DETENTION CENTER
MEDICAL DIRECTOR; CAMERON
HUGHES, LPN; TABBITHA
BURTON; TAMMY GLENN;
CHASSITY HALL; BARBARA
STACKS; and WHITE COUNTY
DETENTION CENTER NURSE I                                  DEFENDANTS

ORDER

As promised, I have screened Kennedy's third amended complaint. Kennedy's clear penmanship and cogent writing are helpful.

On 7 August 2022, someone stole Chad Avey's truck and flat-bed trailer. His pocketknife and debit card were in the truck. The next day, Avey received a fraud alert asking for confirmation that he was transferring $250 from his bank account to a cash app account in the name of JEREMYKENNED. Avey declined the transfer and canceled

the card. He reported all of this to the Judsonia Police Department Assistant Chief Gossett.

Avey suspected that Kennedy was involved, so he drove to Nathen Hendrix's house, where Kennedy was living. There was a confrontation. Kennedy called 911; Avey called Assistant Chief Gossett. Bald Knob Police Officer Brown was dispatched to respond to Kennedy's call. Unbeknownst to Kennedy, Assistant Chief Gossett asked Officer Brown to detain Kennedy. Officer Brown encountered Kennedy on foot some distance from the Hendrix house. He asked him if he had any identification. Kennedy provided his driver's license. After confirming Kennedy's identity, Officer Brown instructed him to take everything out of his pockets. Kennedy complied, removing a pocketknife, two cell phones, and a bottle of prescription medication. Avey claimed that the knife was his. Officer Brown patted Kennedy down, cuffed him, and placed him in the back of his locked police car.

Assistant Chief Gossett arrived ten minutes later. He moved Kennedy into the back seat of his police pickup truck and drove him back to Hendrix's house. Kennedy says that Assistant Chief Gossett spoke with Hendrix, who appeared to refuse to consent to a search of the home. After Hendrix left, Assistant Chief Gossett and other officers began searching the small front yard of the residence. They seized a gray, plastic storage tote, then moved to the fenced-in back yard. The gate to the fence had a no trespassing sign. Kennedy yelled out from

the police truck that the officers didn't have permission to enter the back yard, but they entered anyway.

It was very hot in the back of the truck. The temperature outside was in the high-80s to mid-90s. The back seat was enclosed by a partition, which blocked the air conditioning vents. Plus, Assistant Chief Gossett killed the engine when they arrived at Hendrix's house. Kennedy asked Assistant Chief Gossett if he could stand outside because it was too hot, and his handcuffs were too tight. Assistant Chief Gossett refused. Soon, Kennedy was in excruciating pain. He was having difficulty breathing and began to hyperventilate. He screamed for help, but none came. He eventually passed out. Kennedy was in the back of the police truck for about two hours. He came to while on the way to the White County Detention Center.

Assistant Chief Gossett booked Kennedy for two misdemeanors: theft of property and fraudulent use of a credit card. He took both of Kennedy's cell phones and looked through at least one of them. He contacted Kennedy's parole officer, who placed a parole hold on Kennedy.

Kennedy had his first court appearance on August 10th, two days after his arrest. Assistant Chief Gossett hadn't yet executed a probable cause affidavit. The court, therefore, didn't determine at the first appearance whether there was probable case for Kennedy's arrest. The Court set bond at $5,000.

Assistant Chief Gossett executed the affidavit the next day, on August 11th. He wrote that Mr. Avey told him that he had received a "fraud alert advising that his card has been used. The amount was for $250.00." *Doc. 79 at 59*. He also wrote that Kennedy had been arrested for theft by receiving, in addition to fraudulent use of a debit card. Kennedy says these were lies. Assistant Chief Gossett knew that money hadn't been sent; the fraud alert prevented it. This was key, Kennedy argues, because one cannot commit the crime of fraudulently using a credit card until one obtains the property. And he hadn't arrested Kennedy for theft by receiving, but rather theft of property. Based on Assistant Chief Gossett's affidavit, the court determined there was probable cause to arrest Kennedy.

When he was being booked into the White County Detention Center, Kennedy told Rainwater, the deputy jailer, that he had Hepatitis B and that his prescription medicine (tenofovir) was with his personal property. Rainwater assured Kennedy that he would pass that on to the medical department. He didn't. Instead, he stored Kennedy's medicine in the property closet. At pill call, Kennedy asked White County Detention Center Nurse I about his tenofovir. The nurse told him that she had spoken with the White County Medical Director, who told her "we don't treat liver disease here." *Doc. 79 at 20*.

On 22 August 2022, Kennedy submitted two medical requests about his medical condition and need for tenofovir. Nurse II responded

-4-

to medical request #12,688,015, saying she would investigate. Nurse II, however, never provided tenofovir to Kennedy or referred him to someone who could. Nurse IV responded to medical request #12,691,629. In that request, Kennedy had explained that he had a bottle of tenofovir stored with his personal property. Nurse IV ignored that fact in her response and did not provide Kennedy with his medicine.

In addition to making his medical requests, Kennedy filed a grievance with Captain Edwards, the jail administrator. Captain Edwards forwarded the grievance to a TurnKey Health nurse. Nurse III replied on August 24th, saying that she would bring him to the medical department and would need to obtain his medical records. That day, Kennedy was taken to the medical department, where he was interviewed by Nurse Hughes. Nurse Hughes explained that he first needed to obtain Kennedy's medical records from UAMS. Kennedy signed a medical authorization, which Nurse Hughes faxed to UAMS no later than August 25th. *Doc. 79 at 66*. UAMS responded that it could not locate Kennedy as a patient in its system. That was because Nurse Hughes wrote down an incorrect birthdate for Kennedy on the authorization. Because he didn't receive any records from UAMS, Nurse Hughes didn't see Kennedy again or provide him with medication for his Hepatitis B.

On September 9th, Kennedy submitted a new medical request requesting tenofovir. Nurse V replied "noted." That evening, however, Kennedy was released from custody on bond, his parole hold having been lifted. Since his release, he's suffered from extreme abdominal pain near his liver.

Kennedy was originally charged with two misdemeanors in district court. Those charges were dismissed after he was charged in White County Circuit Court with felony offenses for fraudulent use of a credit or debit card and theft of property (the debit card). He pleaded guilty to the felony charges and was sentenced to four years in prison. *State v. Kennedy*, 73CR-22-660 (White County) (Sentencing Order). He is in ADC custody.

*

Kennedy brings many claims against many defendants. Some will be dismissed, others not. As it did in its previous screening Order, the Court has attached an Appendix to keep things organized.

**Officer Brown**. Kennedy's illegal search claim survives screening. His other claim—that Officer Brown used excessive force by handcuffing him, *Doc. 79 at 29-30*—does not. While Kennedy says the handcuffs were too tight, *Doc. 79 at 12*, he doesn't allege any injury. He therefore he fails to state a claim. *Crumley v. City of St. Paul, Minnesota*, 324 F.3d 1003, 1008 (8th Cir. 2003).

**Assistant Chief Gossett.** Kennedy's "Claim No. 1" against Assistant Chief Gossett is really two claims. He says that his arrest and detention were unlawful because Assistant Chief Gossett lacked probable cause to believe he'd committed a felony. In its Appendix to the previous screening Order, the Court said that these claims were *Heck*-barred. Doc. 36 at 9. That was imprecise. Those claims were dismissed because Kennedy's felony conviction for fraudulently using Avey's debit card provides a complete defense to these types of false arrest and detention claims. Doc. 36 at 5 (citing *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (*per curiam*)); *see also Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990). The false arrest and detention claims in "Claim No. 1" will be dismissed on this basis.

Kennedy also says that he was illegally detained because Assistant Chief Gossett failed to provide a probable cause affidavit in forty-eight hours and then lied in his tardy affidavit: Those claims survive screening. *Odom v. Kaizer*, 638 F. App'x 553, 554 (8th Cir. 2016) (unpublished *per curiam*). So do his claims for malicious prosecution and abuse of process. His claims related to the hot police truck, the transport to and search of the Hendrix house, and the search and seizure of his cell phones do, too.

Kennedy also makes a libel claim, which is based on Assistant Chief Gossett's two allegedly false statements in the police report. Kennedy does not plead facts showing that those statements harmed

-7-

his reputation. He says that the police report is a public record, *Doc. 79 at 18*, which is true. But he doesn't say that anyone read the report and thought less of him as a result. This claim will therefore be dismissed without prejudice for failure to state a claim. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (2002).

**Jailer Rainwater, the Medical Director, White County, Captain Edwards, and the Nurses.** Kennedy's deliberate indifference and negligence claims against the White County Detention Center Medical Director, Nurse I, Nurse II, and Nurse IV survive screening. So do his deliberate indifference claims against Jailer Rainwater and White County. His deliberate indifference claim against Nurse Hughes does not. He has stated a claim for negligence. But negligence isn't deliberate indifference. *Brennan v. Cass County Health, Human & Veteran Services*, 93 F.4th 1097, 1102 (8th Cir. 2024). The deliberate indifference claim against Nurse Hughes will be dismissed without prejudice for failure to state a claim. The Court will exercise supplemental jurisdiction over the negligence claim against Nurse Hughes. 28 U.S.C. § 1367.

Kennedy has failed to state any claim against Captain Edwards, Nurse III, and Nurse V. Captain Edwards promptly forwarded Kennedy's grievance to the medical department. Nurse III promptly responded and brought Kennedy to Nurse Hughes. Treating these facts as true, neither Captain Edwards nor Nurse III were negligent, let

alone deliberately indifferent. As for Nurse V, Kennedy was released from custody the same day that he filed the medical request to which Nurse V responded.

\*

Captain Edwards, Nurse III, and Nurse V are dismissed from this suit. Kennedy's claims against Officer Brown, Assistant Chief Gossett, Rainwater, Nurse Hughes, the White County Detention Center Medical Director, Nurse I, Nurse II, Nurse IV, and White County will proceed as specified.

The stay of this case, *Doc. 78 at 3-4*, is lifted. With two caveats, the various defendants' responses to the third amended complaint are due by 7 March 2025.

The first caveat. Officer Brown is new to the case and hasn't been served. The Court directs the Clerk to issue a summons for Officer Brown, who should be served at the Bald Knob Police Department, 3713 AR-367, Bald Knob, Arkansas 72010. The Clerk must deliver the summons along with a copy of the third amended complaint, *Doc. 79*, and this Order, to the United States Marshal for service. The Marshal must serve these papers on Officer Brown by restricted delivery, return receipt requested. Kennedy does not have to prepay the fees and costs or security. Officer Brown's response to the third amended complaint is due within twenty-one days of service.

The second caveat. The Court directs White County's attorney of record to file a notice identifying the person who served as Medical Director of the White County Detention Center from 8 August 2022 to 9 September 2022. The notice should also state whether that person waives service of process. If the person accepts service (and, presumably, is represented by White County's attorney), then any response to the third amended complaint is due by March 7th. If the person does not accept service, White County's attorney must provide the Court (under seal) a valid service address. The Court would then direct service, and the Medical Director's response would be due within twenty-one days of service.

One last matter. Kennedy named five Doe nurses in his third amended complaint. Four have been identified. *Doc. 44.* The identities of the Doe Nurses probably will be cleared up in their response to the third amended complaint. The Court will then dismiss from this suit the individuals identified as Nurse III and Nurse V.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 February 2025

## APPENDIX

| Party | Claim | Disposition |
|---|---|---|
| Bald Knob Police Officer Brown | §1983, Illegal Search (¶¶ 144-153) | Proceeds. |
| | §1983, Excessive Force (¶¶ 154-159) | Dismissed without prejudice, failure to state a claim. |
| Joseph Gossett | §1983, Illegal Arrest (¶¶ 160-165) | Dismissed without prejudice. *Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990). |
| | §1983, Unlawful Detention (¶ 164) | Dismissed without prejudice. *Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990). |
| | § 1983, Malicious Prosecution (¶¶ 166-185) | Proceeds. |
| | Violation of Arkansas Rule of Criminal Procedure 4.6 (¶¶ 186-190) | Proceeds. |
| | §1983, Excessive Force (¶¶ 191-195) | Proceeds. |
| | § 1983 Deliberate Indifference (¶¶ 196-199) | Proceeds. |
| | §1983, Illegal Search of Yards (¶¶ 200-206) | Proceeds. |
| | Trespass (¶ 206) | Proceeds. |

| | | |
|---|---|---|
| | §1983, Illegal Search and Seizure of Cell Phones (¶¶ 207-211) | Proceeds. |
| | §1983, Due Process, Cell Phones (¶ 212) | Proceeds. |
| | §1983, Takings (¶ 213) | Proceeds. |
| | Conversion (¶ 214) | Proceeds. |
| | Civil Theft (¶ 214) | Proceeds. |
| | Arkansas's Statutory Right to be Released on Bail (¶¶ 215-217) | Proceeds. |
| | Abuse of Process (¶¶ 218-221) | Proceeds. |
| | §1983, Illegal Detention for failure to give affidavit in 48 hours (¶¶ 222-228) | Proceeds. |
| | §1983, Illegal Detention because of false statements in affidavit (¶¶ 229-232) | Proceeds. |
| | §1983, Illegal Detention (¶¶ 233-234) | Proceeds. |
| | Libel (¶¶ 235-238) | Dismissed without prejudice, failure to state a claim. |
| Matthew Rainwater | § 1983 Deliberate Indifference (¶¶ 239-246) | Proceeds. |
| Cameron Hughes, LPN | § 1983 Deliberate Indifference (¶¶ 247-248) | Dismissed without prejudice, failure to state a claim. |

|  | Negligence (¶¶ 247-248) | Proceeds. |
|---|---|---|
| White County Detention Center Medical Director | § 1983 Deliberate Indifference (¶¶ 249-250, 256-257) | Proceeds. |
|  | Negligence/medical malpractice (¶¶ 249-250, 258) | Proceeds. |
| White County Detention Center Nurse I | § 1983 Deliberate Indifference (¶¶ 249, 251-252, 256-257) | Proceeds. |
|  | Negligence/medical malpractice (¶¶ 249-250, 258) | Proceeds. |
| White County Detention Center Nurse II | § 1983 Deliberate Indifference (¶¶ 249, 251, 253, 256-257) | Proceeds. |
|  | Negligence/medical malpractice (¶¶ 249-250, 253, 258) | Proceeds. |
| White County Detention Center Nurse III | § 1983 Deliberate Indifference (¶¶ 249, 251, 256-257, 259) | Dismissed without prejudice, failure to state a claim. |
|  | Negligence/medical malpractice (¶¶ 249-250, 258-259) | Dismissed without prejudice, failure to state a claim. |
| White County Detention Center Nurse IV | § 1983 Deliberate Indifference (¶¶ 249, 251, 254, 256-257, 260) | Proceeds. |
|  | Negligence/medical malpractice (¶¶ 249-250, 254, 258, 260) | Proceeds. |

| White County Detention Center Nurse V | § 1983 Deliberate Indifference (¶¶ 249, 251, 255, 256-257) | Dismissed without prejudice, failure to state a claim. |
| --- | --- | --- |
| | Negligence/medical malpractice (¶¶ 249-250, 255, 258) | Dismissed without prejudice, failure to state a claim. |
| White County | § 1983 Deliberate Indifference, Municipal Liability (¶¶261-265) | Proceeds. |
| Clayton Edwards | § 1983 Deliberate Indifference (¶¶266-268) | Dismissed without prejudice, failure to state a claim. |