## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JEREMY KENNEDY                                                      PLAINTIFF
ADC #093061
v.                              No. 4:24-cv-219-DPM

WHITE COUNTY, ARKANSAS;
JOSEPH GOSSETT;  BROWN,  Bald Knob
Police Officer;  MATTHEW
RAINWATER, Jailer, White
County Detention Center;  WHITE
COUNTY DETENTION CENTER
MEDICAL DIRECTOR;  CAMERON
HUGHES, LPN;  TABBITHA
BURTON;  TAMMY GLENN;
CHASSITY HALL;  BARBARA
STACKS;  and WHITE COUNTY
DETENTION CENTER NURSE I                          DEFENDANTS

## ORDER

1.      Kennedy has taken a hard look at the Court's screening
Order, *Doc. 80.*   He says the Court missed some things and got some
other things wrong.   Kennedy is also eager to get this case moving.   To
that end, he filed two motions to compel, along with two more sets of
written discovery, before any of the defendants had answered his third
amended  complaint.    Here  are  the  Court's  rulings  on  Kennedy's
pending motions.

**2.**    Kennedy asks the Court to reinstate, or otherwise recognize and screen, five claims.

First, Kennedy says his excessive force claim against Officer Brown should proceed because the officer's use of handcuffs was unreasonable.    The handcuffs may have been unreasonable.    But an excessive force claim requires more.    "[F]or the application of handcuffs to amount to excessive force there must be something beyond allegations of minor injuries."    *Crumley v. City of St. Paul, Minnesota*, 324 F.3d 1003, 1008 (8th Cir. 2003).    Kennedy hasn't pleaded any injury sufficient to state a claim.

Second, even if Assistant Chief Gossett arrested Kennedy in violation of Arkansas law (something the Court doesn't need to decide for Kennedy's § 1983 claims), probable cause is all the Fourth Amendment requires, regardless of any additional protections that state law may provide.    *United States v. Castleman*, 795 F.3d 904, 912-13 (8th Cir. 2015).    And probable cause is what Kennedy's convictions supply.    *Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990).    To the extent Kennedy asks the Court to recognize and screen a false arrest claim under Arkansas law, that claim, if pleaded, would be dismissed for the same reason.    *Mendenhall v. Skaggs Companies, Inc.*, 285 Ark. 236, 238-39, 685 S.W.2d 805, 806-07 (1985).

Third, the Court doesn't see a separate cause of action for illegal arrest based on the allegedly stolen pocketknife.    Kennedy states a

claim for malicious prosecution in relation to the knife, which the Court recognized, screened, and allowed to proceed.

Fourth, Kennedy is correct that merely contracting with medical personnel to provide treatment doesn't immunize prison officials from deliberate indifference claims. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). But Captain Edwards did more than point a finger at the jail's healthcare contractor, Turnkey Health. He informed medical personnel of Kennedy's complaints through the proper channels. Kennedy didn't plead that Captain Edwards intentionally denied or delayed his access to medical care. *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). His claim therefore failed.

Fifth, the Court's screening Order clearly states that Kennedy's deliberate indifference claim against White County will proceed. *Doc. 80 at 14*.

The Court stands by its rulings. This case needs to move over the threshold now. And it will. Kennedy's motion for reconsideration is denied.

Last, the Court notes that motions to reconsider do not exist in the Federal Rules. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Kennedy's self-representation has been energetic and capable. The demands of the Court's docket, however, don't allow for second and third looks at every issue in every case. Reconsideration must be reserved for truly extraordinary circumstances. In general, if Kennedy

disagrees with this Court's rulings, then he will have the opportunity to challenge them on appeal after final judgment.

**3.** Kennedy's motions to compel are denied. A Second Amended Final Scheduling Order will issue soon. The Court acknowledges that Kennedy's circumstances might make it difficult for him to reproduce the extensive written discovery he has already filed in this case. *Doc. 9, 10, 15, 16, 25, 41, 43, 53, 72, 85, & 86.* And, according to White County and Rainwater, some of Kennedy's requests have already been answered. *Doc. 93.* Kennedy's already filed written discovery will be deemed served when a new scheduling order issues. The applicable Rules will then guide the parties' discovery from that date. In the future, if a party is represented, discovery requests should be mailed to the lawyer for the party from whom discovery is sought. The Court strongly discourages further filings of written discovery.

\*

Kennedy's motion for reconsideration, *Doc. 81*, is denied. His motions to compel, *Doc. 83 & 84*, are denied with instructions.

So Ordered.

D.P. Marshall Jr.
United States District Judge

20 March 2025