# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEREMY KENNEDY**                                                                    **PLAINTIFF**
**ADC #093061**

v.                                    No. 4:24-cv-219-DPM

**WHITE COUNTY, ARKANSAS;**
**JOSEPH GOSSETT; and BROWN,**
**Bald Knob Police Officer**                                                  **DEFENDANTS**

## ORDER

Kennedy has filed many motions in the past few weeks. Here are the Court's rulings.

The motion to compel is denied.* Gossett's answers are responsive enough. Kennedy may disagree with the answers. He may prove them to be false. But all this will unfold as the case progresses. Regarding the requests for production, Gossett is obligated to produce documents in his possession, custody, and control. Fed. R. Civ. P. 34(a)(1). He is not required to obtain documents by subpoena or other methods from his former employer to produce them to Kennedy.

The motion for issuance of a subpoena to the Bald Knob Police Department is granted as modified. The Court will direct the Clerk to

---

* Kennedy recently filed two more motions to compel, *Doc. 162 & 163*, against White County. Those motions are not yet ripe.

issue a blank subpoena to produce documents and send it to Kennedy to complete and return. The motion for service of a subpoena on the Judsonia Police Department is granted. The Court will direct the U.S. Marshal to serve the subpoena. The motion for copies is denied as moot.

The motions for court intervention are denied. Gossett didn't file a response to Kennedy's motion for summary judgment or his motion to compel. That's why Kennedy didn't receive them.

The motion for a settlement conference is denied. The Court will not order a settlement conference unless all parties want one.

\*

That leaves Kennedy's amended motion for summary judgment on his claims against White County and Gossett. His motion is denied. Here's why.

Kennedy brought one claim against White County. *See Doc. 80 at 14.* After Gossett arrested Kennedy without a warrant, Kennedy was held in the White County Detention Center for three days before a judge determined that there was probable cause for the arrest. Kennedy says that White County was deliberately indifferent to his constitutional right to due process.

To prevail against White County, Kennedy must show that the delayed finding of probable cause violated his right to due process. *Hayes v. Faulkner County*, 388 F.3d 669, 673 (8th Cir. 2004). He stands a

good chance of doing so.  Kennedy has a right to a "prompt judicial determination of probable cause."  *County of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991).  Three days is too long absent some "bona fide emergency or other extraordinary circumstance."  *McLaughlin*, 500 U.S. at 57.

Regardless, Kennedy must also prove that White County policies were deliberately indifferent to his due process rights.  *Hayes*, 388 F.3d at 674.  And there are many disputed or unclear questions of fact on this point.  The County's written policy says that probable cause determinations "are required within 48 hours from the time of the arrest and will be required to continue to hold a PC arrestee in the White County Detention Center."  *Doc. 152-1 at 15*.  It provides further that the probable cause determination "should be stamped as received and placed in the PC basket in intake."  *Ibid*.  Kennedy says that the written policy is inadequate because it doesn't provide a mechanism for alerting jail officials that they have yet to receive a probable cause determination. *Doc. 157 at 5-7*.  This, his says, is deliberate indifference.  Perhaps, but perhaps not.  There isn't enough evidence in the record to show that Kennedy is entitled to judgment as a matter of law.  *Compare Hayes*, 388 F.3d at 674.  And there isn't enough evidence for the Court to find that White County's policies, considering the totality of the circumstances, shock the conscience.  *Hayes*, 388 F.3d at 674-75.

Kennedy brought many more claims against Gossett. Some were dismissed. *See Doc. 80 at 11-12*. Those that remain can be sorted into three buckets: (1) the "hot car" claims (*Doc. 79 at ¶¶ 186-199*); (2) the illegal search and seizure claims (*Doc. 79 at ¶¶ 200-214*); and (3) the illegal detention/wrongful prosecution claims (*Doc. 79 at ¶¶ 166-185 & 215-234*). Gossett failed to respond to the motion for summary judgment. The material facts in Kennedy's amended statement of material facts are therefore deemed admitted. LOCAL RULE 56.1(c).

Gossett arrested Kennedy at 1:20 p.m. and placed him in the back of his police vehicle. *Doc. 140 at 2*. They did not drive straight to jail. Instead, they drove to Kennedy's house. Gossett left Kennedy in back seat for about an hour and a half while Gossett searched for evidence. *Doc. 140 at 3*. It was about ninety degrees outside. *Doc. 140 at 3*. Gossett left the doors closed, the windows up, and there was a plexiglass partition installed behind the front seat. *Doc. 140 at 3-4*.

Kennedy says that Gossett violated Arkansas Rule of Criminal Procedure 4.6 by not driving him straight to jail. But even though the facts are undisputed, he hasn't shown that he is entitled to judgment as a matter of law on this claim. That's because "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir. 1998) (quotations omitted). His motion for summary judgment on this claim is denied.

So too is his motion for summary judgment on his excessive force and deliberate indifference claims. Gossett's decision to leave Kennedy in an unventilated car for ninety minutes on a ninety-degree day could well be excessive force. *E.g.*, *Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002). It could deliberate indifference, too. But Kennedy's motion for summary judgment and his statement of facts don't show that he is entitled to judgment as a matter of law. To prevail on his excessive force claim, he must show that he suffered some actual injury. *Lambert v. City of Dumas*, 187 F.3d 931, 936 (8th Cir. 1999). For his deliberate indifference claim, he must show that he "suffered from an objectively serious medical need and that [Gossett] had actual knowledge of that need but deliberately disregarded it." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). Kennedy alleged in his Third Amended Complaint that he had difficulty breathing and passed out. *Doc. 79 at 15*. He also alleged that Gossett must have seen him passed out, but didn't attempt to render aid. *Doc. 79 at 15*. But Kennedy said nothing about these things in his statement of undisputed facts.

Kennedy also hasn't shown that he's entitled to summary judgment on his illegal search and seizure claims. Here are the admitted facts. Gossett searched the backyard of Kennedy's residence pursuant to Kennedy's parole search waiver. Gossett didn't ask Kennedy for permission to do so. *Doc. 140 at 3*. Then, after taking Kennedy to jail, Gossett seized Kennedy's cell phones. *Doc. 140 at 4*.

Kennedy says that it's an undisputed fact that Gossett didn't turn over the cellphones to jail personnel during booking. *Doc. 140 at 4*. The evidence attached to his statement of undisputed facts, however, contradicts that assertion. *Doc. 140 at 20*; *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

Kennedy has not shown that he is entitled to judgment as a matter of law based on these undisputed facts. Gossett searched the back yard pursuant to a search waiver. Kennedy admits that the waiver allowed Gossett to conduct a warrantless search of his residence. But, Kennedy argues, the waiver says nothing about curtilage. *Doc. 141 at 5*. And, he says, Gossett failed to ask permission to search (even though Kennedy waived his right to refuse it). *Doc. 141 at 5-6*.

These arguments are creative, but unconvincing. For the purposes of the Fourth Amendment, curtilage is treated as part of the residence. *United States v. Wells*, 648 F.3d 671, 675 (8th Cir. 2011). And Kennedy's reading of the parole waiver statute is a stretch at best.

Regarding the cell phones, the record is simply too fuzzy to find in Kennedy's favor as a matter of law. It is possible that Kennedy could prevail on his illegal seizure and conversion claims. *See, e.g., Doc. 42* in *Ward v. Emberton*, Case No. 4:20-cv-347-DPM (E.D. Ark. 29 September 2023). But the version of events recounted in his statement of undisputed facts is contradicted by the evidence he offers in support. Summary judgment is therefore improper. *Jung*, 422 F.3d at 638.

The illegal detention and wrongful prosecution claims aren't suitable for summary judgment in Kennedy's favor, either.  The facts related to the delayed probable cause determination are in dispute. Kennedy has to show that Gossett was deliberately indifferent to his right to a prompt determination of probable cause.  In the materials attached to Kennedy's statement of facts, Gossett says he sent his probable cause affidavit to the judge within forty eight hours, but had to resend it the next day after he as alerted that his fax didn't go through.  *Doc. 140 at 20.*  A reasonable jury could find that Gossett wasn't deliberately indifferent.

Kennedy hasn't shown that he's entitled to judgment as a matter of law on his false arrest claim based on Gossett's alleged lies and omissions in his probable cause affidavit.  Gossett could be held liable if Kennedy shows that Gossett recklessly or knowingly lied in his affidavit or left out critical information.  *Carter v. Ludwick*, 139 F.4th 982, 990 (8th Cir. 2025).  There isn't enough in the undisputed facts for the Court to find in Kennedy's favor as a matter of law.

As for the abuse of process and malicious prosecution claims, Kennedy hasn't shown that he's entitled to summary judgment. Kennedy hasn't offered evidence that Gossett misused legal process for some ulterior purpose.  *National Bank of Arkansas v. River Crossing Partners, LLC*, 2011 Ark. 475, at 12, 385 S.W.3d 754, 761.  And the Court harbors serious doubts that the malicious prosecution is even solid

because Kennedy was convicted of the theft and fraudulent use of Chadd Avey's debit card. *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 495, 36 S.W.3d 317, 319 (2001); *see State v. Kennedy*, 73CR-22-660 (White County) (Sentencing Order).

\*

Kennedy's motion to compel, *Doc. 147*, motion for settlement conference, *Doc. 159*, amended motion for summary judgment, *Doc. 139*, and two motions for Court intervention, *Doc. 158 & 160*, are denied. His motion for copies, *Doc. 155*, is denied as moot.

Kennedy's motion for issuance of a subpoena, *Doc. 154*, is granted. The Court directs the Clerk to issue to Kennedy a signed, but otherwise blank, subpoena to produce documents. Fed. R. Civ. P. 45(a)(3). Kennedy must complete the subpoena and return it to the Court. The Court will then direct the United States Marshal to serve the subpoena. 28 U.S.C. § 1915(d).

Kennedy's motion for service of the subpoena, *Doc. 161*, is granted as modified. The Court directs the United States Marshal to serve a copy of the subpoena, *Doc. 161*, and a copy of this Order, on Chief Parsons. Here's the modification. The subpoena says that the requested documents must be produced no later than September 15th. The calendar now prevents that; plus the proposed response time is insufficient in any event. The documents must be produced to Kennedy within fourteen days of service of the subpoena. The Court

- 9 -

directs the Clerk to provide a copy of the subpoena and this Order to the United States Marshal.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

<u>16 September 2025</u>