# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JEREMY KENNEDY                                         PLAINTIFF
ADC #093061

v.                          No. 4:24-cv-219-DPM

JOSEPH GOSSETT and BRANDON
BROWN                                                 DEFENDANTS

## ORDER

Kennedy has filed a second motion seeking judgment as a matter of law on his claims against Gossett. Gossett didn't respond.

Kennedy has worked the case hard and well. His arguments are thorough and well presented. He has solid claims to take to a jury. But he isn't entitled to summary judgment for the reasons stated in the Order, *Doc. 164*, denying his first motion for summary judgment and as explained below.

**Malicious prosecution and abuse of process**. The malicious prosecution claim fails. Yes, the original misdemeanor charges were dismissed. But that was because felony charges were filed. And Kennedy pleaded guilty to those felonies. This claim should be dismissed. *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 495, 36 S.W.3d 317, 319 (2001). So, suffice to say, Kennedy isn't entitled to

summary judgment. He abandons his abuse of process claim. *Doc. 194 at 15.*

**Arkansas Rule of Criminal Procedure 4.6.** There isn't a due process claim for violating this rule. And the rule doesn't create a private right of action. *E.g., Wellman v. Supreme Court of Ohio*, 2018 WL 9651499, at *3 (6th Cir. 13 November 2018) (unpublished *per curiam*). Kennedy isn't entitled to summary judgment.

**Excessive force and deliberate indifference.** These are Kennedy's strongest claims. He may prevail on them before a jury. But he isn't entitled to summary judgment. *Doc. 164 at 5.*

**Yard search claims.** Kennedy abandons the trespass claim. He isn't entitled to summary judgment on the yard search claim. The Arkansas Supreme Court has rejected his reading of the parole waiver statute. *McFerrin v. State*, 344 Ark. 671, 679, 42 S.W.3d 529, 534–35 (2001).

**Cell phone claims**. Kennedy abandons some of his cell phone-related claims. *Doc. 194 at 12–14.* The record remains fuzzy about what happened with the cell phones. A trial is needed on the claims Kennedy hasn't abandoned. *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

**Illegal detention claims**. Kennedy abandons (or clarifies) some of these claims. *Doc. 194 at 14–18.* His remaining claims aren't suitable for summary judgment, as the Court explained in its last Order.

\*

Kennedy's second motion for summary judgment, *Doc. 192*, is denied. His abandoned claims are dismissed without prejudice. Fed. R. Civ. P. 41(a)(2). An updated appendix listing the status of the claims in the third amended complaint is attached. Kennedy's motion for copies, *Doc. 200*, is denied because Gossett didn't file a response to the second motion for summary judgment.

This case is currently set for trial 28 July 2026. Kennedy has done a fine job as a *pro se* litigant. But his *pro se* status has presented challenges, too. The Court will appoint a lawyer for him at this point if he wants one. In addition to representing Kennedy at trial, a lawyer would be a help preparing for trial: in subpoenaing witnesses, filing motions *in limine*, marshalling evidence, and drafting jury instructions. If Kennedy wants an appointed lawyer, he should file a motion by 27 March 2026.

A pretrial status conference would benefit everyone involved in this case. The Court refers the case to Magistrate Judge Joe Volpe to hold one and to appoint counsel if Kennedy requests one.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_10 March 2026_

- 3 -

APPENDIX – 10 MARCH 2026

| Party | Claim | Disposition |
|---|---|---|
| Brandon Brown, Officer, Bald Knob Police Department | §1983, Illegal Search (¶¶ 144-153) | **Pending.  Brown is in default.** *Doc. 143 &144.* |
| | §1983, Excessive Force (¶¶ 154-159) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| Joseph Gossett | §1983, Illegal Arrest (¶¶ 160-165) | Dismissed without prejudice. *Doc. 80. Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990). |
| | §1983, Unlawful Detention (¶ 164) | Dismissed without prejudice. *Doc. 80. Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990). |
| | § 1983, Malicious Prosecution (¶¶ 166-185) | **Pending.** |
| | Violation of Arkansas Rule of Criminal Procedure 4.6 (¶¶ 186-190) | **Pending.** |
| | §1983, Excessive Force (¶¶ 191-195) | **Pending.** |
| | § 1983 Deliberate Indifference (¶¶ 196-199) | **Pending.** |
| | §1983, Illegal Search of Yards (¶¶ 200-206) | **Pending.** |

| | | |
|---|---|---|
| | Trespass (¶ 206) | Voluntarily Dismissed. *Doc. 201.* |
| | §1983, Illegal Search and Seizure of Cell Phones (¶¶ 207-211) | **Pending.** |
| | §1983, Due Process, Cell Phones (¶ 212) | **Pending.** |
| | §1983, Takings (¶ 213) | Voluntarily Dismissed. *Doc. 201.* |
| | Conversion (¶ 214) | **Pending.** |
| | Civil Theft (¶ 214) | Voluntarily Dismissed. *Doc. 201.* |
| | Arkansas's Statutory Right to be Released on Bail (¶¶ 215-217) | **Pending.** |
| | Abuse of Process (¶¶ 218-221) | Voluntarily Dismissed. *Doc. 201.* |
| | §1983, Illegal Detention for failure to give affidavit in 48 hours (¶¶ 222-228) | **Pending.** |
| | §1983, Illegal Detention because of false statements in affidavit (¶¶ 229-232) | **Pending.** |
| | §1983, Illegal Detention (¶¶ 233-234) | Voluntarily Dismissed. *Doc. 201.* |
| | Libel (¶¶ 235-238) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| Matthew Rainwater | § 1983 Deliberate Indifference (¶¶ 239-246) | Voluntarily dismissed. *Doc. 143.* |

| | | |
|---|---|---|
| Cameron Hughes, LPN | § 1983 Deliberate Indifference (¶¶ 247-248) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| | Negligence (¶¶ 247-248) | Voluntarily dismissed. *Doc. 143.* |
| White County Detention Center Medical Director | § 1983 Deliberate Indifference (¶¶ 249-250, 256-257) | Voluntarily dismissed. *Doc. 143.* |
| | Negligence/medical malpractice (¶¶ 249-250, 258) | Voluntarily dismissed. *Doc. 143.* |
| White County Detention Center Nurse I | § 1983 Deliberate Indifference (¶¶ 249, 251-252, 256-257) | Voluntarily dismissed. *Doc. 143.* |
| | Negligence/medical malpractice (¶¶ 249-250, 258) | Voluntarily dismissed. *Doc. 143.* |
| White County Detention Center Nurse II | § 1983 Deliberate Indifference (¶¶ 249, 251, 253, 256-257) | Voluntarily dismissed. *Doc. 143.* |
| | Negligence/medical malpractice (¶¶ 249-250, 253, 258) | Voluntarily dismissed. *Doc. 143.* |
| White County Detention Center Nurse III | § 1983 Deliberate Indifference (¶¶ 249, 251, 256-257, 259) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| | Negligence/medical malpractice (¶¶ 249-250, 258-259) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| White County Detention Center Nurse IV | § 1983 Deliberate Indifference (¶¶ 249, 251, 254, 256-257, 260) | Voluntarily dismissed. *Doc. 143.* |

| | | |
|---|---|---|
| | Negligence/medical malpractice (¶¶ 249-250, 254, 258, 260) | Voluntarily dismissed. *Doc. 143.* |
| White County Detention Center Nurse V | § 1983 Deliberate Indifference (¶¶ 249, 251, 255, 256-257) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| | Negligence/medical malpractice (¶¶ 249-250, 255, 258) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |
| White County | § 1983 Deliberate Indifference, Municipal Liability (¶¶261-265) | Dismissed with prejudice. *Doc. 183-1.* |
| Clayton Edwards | § 1983 Deliberate Indifference (¶¶266-268) | Dismissed without prejudice, failure to state a claim. *Doc. 80.* |